UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
JAYQUAN SMITH, :
: **OPINION & ORDER DENYING**
Petitioner, : **§ 2255 PETITION**
:
-against- :
: 21 Cr. 280 (AKH)
UNITED STATES OF AMERICA, : 24 Civ. 2821 (AKH)
:
Respondent. :
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

Petitioner Jayquan Smith petitions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 following his guilty plea and sentence. He argues that despite his statements on the record to the contrary, he pleaded guilty because his defense counsel allegedly promised him that if he did, he would receive a sentence well below the United States Sentencing Guidelines range. Petitioner's claims are without merit, and I deny his petition.

## BACKGROUND

Petitioner was indicted, by a superseding indictment of May 27, 2021, of Racketeering Conspiracy (Count One); two counts of Attempted Murder in Aid of Racketeering (Counts Seven and Nine); two counts of Carrying, Brandishing, and Discharging a Firearm During a Crime of Violence (Counts Eight and Ten); and Felon-in-Possession of a Firearm (Count Twelve). ECF No. 38. Six other defendants also were involved.

Pursuant to a plea agreement, Petitioner pleaded guilty to United States Magistrate Judge Gabriel Gorenstein to Counts Seven and Ten. The advisory Guidelines range provided for 205 to 235 months, and Petitioner was made aware, and acknowledged, that the Guidelines range was advisory, that I could punish him up to the statutory maximum, and that no matter how disappointed he might be in the sentencing, he would not be able to withdraw his plea once I

1

accepted it. ECF No. 105 at 9-11. Petitioner testified that he was satisfied with his defense attorney's representation and had a full opportunity to discuss the case with him, *id.* at 2-4, that he understood he could face a maximum term of 20 years' imprisonment for Count Seven, a mandatory minimum sentence of seven years' imprisonment for Count Ten, and a maximum sentence of life imprisonment for Count Ten, *id.* at 3-7, and that other than the Plea Agreement, no promises or threats were made to induce him to plead guilty. *Id.* at 10.

Magistrate Judge Gorenstein found that Petitioner was competent to plead guilty, and that it was informed, voluntary, and predicated on a factual basis. *Id.* at 18. On July 11, 2022, I accepted the plea. ECF No. 104.

At sentencing, I expressed doubt that I could consider Count Ten as predicated on a crime of violence, *see United States v. Taylor*, 596 U.S. 845 (2022), and declined to find Petitioner a Career Offender under the Guidelines. Accordingly, I calculated Petitioner's Offense Level as 30 and his Criminal History Category as IV, resulting in a Guidelines range of 135 to 168 months' imprisonment, and I sentenced Petitioner to 168 months in custody. ECF No. 193. I postponed a sentencing order until I could consider the parties' briefs on the applicability of *Taylor*. ECF No. 182.

At the resumed sentencing hearing, on March 13, 2023, I reinstated Count Ten and added its mandatory, cumulative provision of 84 months—which I computed to be the applicable Guidelines range for that Count—and calculated the Guidelines range for Count Seven as 135 to 168 months' imprisonment. ECF No. 187. I varied below the Guidelines to impose a sentence of 84 months' imprisonment on Count Seven, and I imposed the statutory minimum sentence of 84 months' imprisonment on Count Ten, to be served consecutively pursuant to 18 U.S.C. § 924(c)(1)(D)(ii). *Id.* In sum, I entered judgment sentencing Petitioner to a total of 168 months' imprisonment, the same sentence I had imposed initially. ECF No. 191.

On April 12, 2024, Petitioner filed this § 2255 motion and supporting declarations.

2

ECF Nos. 244-46. Petitioner avers that his sentence should be vacated because he received ineffective assistance of counsel from his defense attorney, who Petitioner claims guaranteed he would be sentenced to no more than 12 years' imprisonment if he accepted the Government's plea offer. ECF No. 244. In particular, Petitioner contends that if he had "understood that [he] could receive a fourteen year sentence for the two counts to which [he] pleaded guilty, [he] would not have accepted the plea agreement." ECF No. 245, Ex. B.

## LEGAL STANDARD

The Sixth Amendment of the Constitution guarantees federal felony defendants the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). To successfully establish entitlement to collateral relief on the basis of ineffective assistance of counsel, a petitioner must (1) overcome the presumption that his representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms," and (2) show that "but for counsel's unprofessional errors, the results of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

Though a defendant does not have a Constitutional right to a plea deal, *Missouri v. Frye*, 566 U.S. 134, 148 (2012), "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Lafler v. Cooper*, 566 U.S. 156, 168 (2012). "As part of this advice, counsel must communicate to the defendant the terms of the plea offer, and should usually inform the defendant of the strengths and weaknesses of the case against him, as well as the alternative sentence to which he will most likely be exposed." *Purdy v. United States*, 208 F.3d 41, 45 (2d Cir. 2000) (citations omitted).

## ANALYSIS

"Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Accordingly, district courts may reject allegations of ineffective assistance of counsel that directly contradict a Petitioner's sworn statements at their plea

3

allocution. *United States v. Gonzalez*, 970 F.2d 1095, 1100-01 (2d Cir. 1992); *see also Khan v. United States*, 11 Civ. 7613 (LAP), 2014 WL 2111677, at *10 (S.D.N.Y. Apr. 28, 2014) ("The Court may reject bald accusations of ineffective assistance of counsel that directly contradict Petitioner's sworn statements at the plea hearing."). "Claims by petitioners that their pleas were involuntarily made due to the erroneous advice or unrealized promises made by counsel afford an all to [sic] easy avenue for the invalidating of conviction on pleas of guilty." *Oruche v. United States*, 22 Civ. 657 (MKV), 2024 WL 3728702, at *5 (S.D.N.Y. Aug. 7, 2024) (quoting *Cordero v. United States*, 12 Civ. 1517 (KMW), 2014 WL 12814373, at *4 (S.D.N.Y. Oct. 30, 2014).

Here, Petitioner stated under oath that he was satisfied with his attorney's representation, that he was not induced to plead guilty by any promises other than the Plea Agreement stipulating to a Guidelines range well above what I sentenced him to, and that he understood I could impose any sentence—even exceeding the Guidelines—up to the statutory maximum of life in prison. ECF No. 105. Now, after I varied downward from the Guidelines, Petitioner claims—in direct contravention to his sworn statements in court—that he pleaded guilty only because of his attorney's promise that if he did so, I would sentence him to a fraction of the Guidelines range. Accordingly, I reject Petitioner's claims. *See Gonzalez*, 970 F.2d at 1100-01.

## CONCLUSION

For the foregoing reasons, I deny Petitioner's § 2255 motion. Since "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," no fact hearing is necessary. 28 U.S.C. § 2255(b).

Because Petitioner has "not made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I decline to issue a Certificate of Appealability.

       The Clerk of Court shall close 24 Civ. 2821 and terminate ECF No. 1 therein. He also shall terminate ECF No. 243 of 21 Cr. 280.

       SO ORDERED.

Dated:    October 30, 2024  
             New York, New York

                                             ALVIN K. HELLERSTEIN  
                                             United States District Judge